UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| L. JAMES COSTA, | ) |
|     Plaintiff | ) |
| v. | ) No. 2:12-cv-378-JDL |
| CUMBERLAND FARMS, INC. | ) |
|     Defendant | ) |

## ORDER AFFIRMING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed his Recommended Decision (ECF No. 42) with the Court on May 31, 2014, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). The plaintiff, L. James Costa ("Costa"), and the defendant, Cumberland Farms, Inc. ("Cumberland Farms"), each filed respective Objections to the Recommended Decision on June 17, 2014 (ECF Nos. 43 and 44). Cumberland Farms filed its Response to Costa's Objection on June 20, 2014 (ECF No. 45), and Costa filed his Response to Cumberland Farms' Objection on July 7, 2014 (ECF No. 48). Oral argument regarding the parties' objections was held on October 20, 2014.

I have reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by it. I concur with and adopt the Magistrate Judge's recommendations with regard to denying summary judgment on Costa's age discrimination claim (Count 1) and

granting summary judgment on his whistleblower retaliation claim (Count 2). However, I do not concur with, and respectfully decline to adopt, the recommendation that summary judgment be granted in favor of Cumberland Farms with regard to Costa's request for punitive damages.

## LEGAL ANALYSIS

The Recommended Decision concluded that Cumberland Farms was entitled to summary judgment on Costa's request for punitive damages, based on its invocation of the good-faith affirmative defense described by the United States Supreme Court in *Kolstad v. American Dental Ass'n.*, 527 U.S. 526 (1999), and applied by the First Circuit Court of Appeals in *Romano v. U-Haul Int'l*, 233 F.3d 655, 670 (1st Cir. 2000) (*citing Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 516 (9th Cir. 2000) and *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 286 (5th Cir. 1999)). In *Kolstad*, the Court held that an employer will not be liable for punitive damages where it engages in good faith efforts to comply with Title VII. Because *Kolstad* did not specify what evidence is necessary to prove an employer's good faith effort to comply with Title VII, the Magistrate Judge cited extensively to the First Circuit's opinion in *Romano*.

In *Romano*, the First Circuit recognized that an employer's written non-discrimination policy may be evidence of the employer's efforts to comply with Title VII, but is insufficient on its own to prove the *Kolstad* good-faith defense. *Id.* Rather, an employer must also show that it made efforts to implement its non-discrimination policy by educating its employees and actively enforcing the policy. *Id.* The *Romano*

court offered examples of evidence which might enable an employer to qualify for the good-faith defense, including evidence of (1) an "active mechanism for renewing employees' awareness of non-discrimination policies, either through specific education programs or periodic re-dissemination or revision of their written materials;" (2) that supervisors were trained to prevent discrimination from occurring; and (3) instances in which the employers' non-discrimination policy was successfully followed. *Id.* The court emphasized that an employer need not offer evidence of *all* these factors, and affirmed the jury verdict awarding punitive damages to the plaintiff. *Id.*

Here, the summary judgment record establishes that Cumberland Farms had a written non-discrimination policy and that it periodically redistributed the policy to its employees. ECF No. 42 at 44. Based on this, the Recommended Decision concluded that this "seemingly meets the burden of demonstrating [Cumberland Farms'] entitlement to the *Kolstad* good-faith defense," *id.*, and it observed that "[Costa] does not address Cumberland Farms' good-faith defense argument at all." *Id.* (*citing* ECF No. 36 at 20-21). Accordingly, the Recommended Decision recommended granting Cumberland Farms' motion for summary judgment as to Costa's request for punitive damages. *Id.* at 45. For reasons I will explain, I conclude that the evidence proffered by Cumberland Farms is not, without additional evidence that it actively enforced its non-discrimination policy, sufficient to establish its good faith.

If Cumberland Farms is treated as having satisfied its burden to qualify for the *Kolstad* good-faith defense based on the evidence it has offered, then it follows that all an employer has to do to insulate itself from punitive damages claims is publish a

written anti-discrimination policy and recirculate it from time-to-time. Such a limited and relatively passive effort cannot fairly be characterized as proof of an employer's "active enforcement" of a non-discrimination policy. *Romano* may not require defendants to present evidence of *all* the factors enumerated in the opinion, but neither did it establish a rule allowing the good-faith defense to apply mechanistically upon a showing of a written policy plus one factor.

In this case, the evidence presented by Cumberland Farms is similar to that presented by the defendant in *Romano*. There, the employer also went a step beyond merely publishing a non-discrimination policy by advising its managers and supervisors against terminating employees based on their gender and instructing them to hire candidates based on qualifications rather than discriminatory factors. *Romano*, 233 F.3d at 670. Yet the court in *Romano* declined to disturb the jury's verdict that the employer did not qualify for the good-faith defense and upheld the punitive damages award. *Id.* The same reasoning applies here: Cumberland Farms' adoption of a non-discrimination policy and its distribution of the policy to its employees is not, without more, proof of the policy's active enforcement.

Contrary to Cumberland Farms' additional argument, Costa did not "waive" his opposition to the good-faith defense. Costa's response to Cumberland Farms' assertion of the good-faith defense was to merely reiterate his assertion that the evidence in the summary judgment record of Cumberland Farms' reckless indifference was "overwhelming." ECF No. 36 at 20-21. While this was conclusory and offered no analysis of the evidence developed in the summary judgment record, it nevertheless

4

constitutes an express opposition to Cumberland Farms' motion for summary judgment on his punitive damages request and did not constitute a waiver. It bears emphasis that the good faith defense is an affirmative defense and, therefore, the burden of proof on the issue rests with Cumberland Farms. *Romano, supra,* at 670.

Because I conclude that summary judgment should not be granted against Costa on his claim for punitive damages, I decline to adopt the Recommended Decision's recommendation as to this issue.

## CONCLUSION

Accordingly, Cumberland Farms' motion for summary judgment is **GRANTED IN PART** as to Costa's claim of retaliation in violation of the Maine Whistleblowers' Protection Act. Cumberland Farms' motion for summary judgment is otherwise **DENIED**.

**SO ORDERED.**

/s/Jon D. Levy
U.S. District Judge

Dated this 23rd day of October, 2014.